IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CHRISTOPHER WEST                                                                PETITIONER

VS.                                                          CIVIL ACTION NO 3:15cv83-DPJ-FKB

MARSHALL L. FISHER,
Commissioner of Corrections;
And OTIS BAILEY, Commander
of Yazoo County CWC                                                             RESPONDENTS

## REPORT AND RECOMMENDATION

### I. Introduction and Facts

This is an action by a state prisoner brought pursuant to 28 U.S.C. § 2254. Having considered the petition and response, along with the state court record, the undersigned recommends that habeas relief be denied.

Christopher West was indicted in the Circuit Court of Simpson County, Mississippi, for the sale a methamphetamine. He was tried before a jury and convicted. The trial court sentenced him to a term of 30 years. West appealed his conviction, raising as his single assignment of error the trial judge's denial of a motion for recusal. The Mississippi Court of Appeals affirmed. *West v. State of Mississippi*, 131 So. 3d 583 (Miss. Ct. App. 2013). West then brought the present petition, raising the recusal issue as his sole ground of relief.

The underlying facts of West's claim are as follows. West was arrested following a sting operation in which he sold methamphetamines to an undercover agent.   He was indicted on September 28, 2010, and tried on September 29,

1

2011. The judge presiding over West's trial was Circuit Judge Eddie Bowen. Bowen had been appointed to the position of circuit judge on September 20, 2010. Immediately prior to his appointment, Bowen was the district attorney of Simpson County and had been serving in that capacity at the time of West's arrest and up until eight days prior to West's indictment. On the morning of trial, West filed a motion for recusal based upon Judge Bowen's prior position as district attorney. The judge denied the motion. West raised the issue again in his motion for judgment notwithstanding the verdict, or, in the alternative, for a new trial, which was denied.

The trial court record on appeal contained no information as to the degree of involvement, if any, by Judge Bowen in West's case while Bowen served as district attorney.   For this reason, the court of appeals directed Judge Bowen to address this issue. Judge Bowen responded by submitting a statement in which he explained that while serving as district attorney, he had never received the law enforcement file on West, had not provided advice to law enforcement concerning West, and had had no personal knowledge of the case. The court of appeals affirmed the conviction, holding that recusal had not been required because there was no evidence that Judge Bowen had had any involvement in West's case. In affirming, the court also rejected an additional argument raised by West – that the judge should have recused himself because he had previously prosecuted West in another case. The court cited to Mississippi cases holding that the fact that a trial judge has previously prosecuted a defendant is not, in and of itself, sufficient to

2

overcome the presumption of a judge's impartiality.

## II. Standard of Review

Because West's claim was adjudicated on the merits by the state court, it is subject to the highly deferential standard of review set forth in the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254(d), which allows habeas relief in this case only if the state court's rejection of the claim involved "an unreasonable application of . . . clearly established Federal law . . . as determined by the Supreme Court of the United States" or "an unreasonable determination of the facts" in light of the evidence presented to the state court. 28 U.S.C. § 2254(d). The Supreme Court has repeatedly emphasized that " 'an *unreasonable* application of federal law is different from an *incorrect* application of federal law.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Williams v. Taylor*, 529 U.S. 362, 410 (2000)). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411. Rather, the application must be not only incorrect but also "objectively unreasonable." *Id.* at 409. Under this deferential standard, federal relief is precluded "so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

3

### III. Analysis

The Due Process Clause guarantees a criminal defendant the right to a fair trial "before a judge with no actual bias against the defendant or interest in the outcome of his particular case." *Bracy v. Gramley*, 520 U.S. 899, 905 (1997). Even in the absence of actual bias, due process requires recusal in circumstances where "the probability of actual bias on the part of the judge or decisionmaker is too high to be constitutionally tolerable." *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 872 (2009). The Supreme Court has recognized presumptive bias in three situations: (1) where the judge has a substantial interest in the outcome of the case, (2) where the judge has been the subject of personal abuse or criticism by a party in the case, and (3) where the judge "has the dual role of investigating and adjudicating disputes and complaints." *Buntion v. Quarterman*, 524 F.3d 664, 672 (5th Cir. 2008) (quoting *Bigby v. Dretke*, 402 F.3d 551, 559 (5th Cir. 2009)).

At the time of the Mississippi Court of Appeals decision, the leading case addressing this latter situation was *In re Murchison*, 349 U.S. 133 (1955).[1] In *Murchison*, a trial judge presiding over a "one-man grand jury" state law proceeding believed that two of the witnesses testifying before him were obstructing the proceeding. The judge charged one witness with perjury and the other with contempt. The judge subsequently presided at a trial in open court in

---

[1] "[C]learly established federal law" refers to the holdings of the Supreme Court "as of the time of the relevant state court decision." *Williams*, 529 U.S. at 412. Thus, in determining the reasonableness of the state court's rejection of West's claim, this court considers the law as it stood at the time of the state court's decision.

4

which the witnesses were convicted and sentenced for contempt. The Supreme Court held that the convictions violated due process, because the judge, having been a part of the accusatory process, could not have been wholly disinterested in the result of the trial. *Murchison*, 349 U.S. at 136-38. In its opinion, the Court emphasized the significance of the testimony and evidence that the judge had heard in the secret grand jury proceeding and the difficulty, if not impossibility, of his being able to disregard that evidence and consider only the evidence presented in open court in the trials. *Id.* at 138-39. Thus, the Supreme Court found that the circumstances resulted in so great a likelihood of bias that bias should be presumed.

The circumstances in the present case are far different from those in *Murchison*. Here, the state court found that the trial judge had no involvement at all in West's prosecution and had no knowledge of it, and this court defers to that finding. *See Moody v. Quarterman*, 476 F.3d 260, 267-68 (5th Cir. 2007). Indeed, there is no evidence to the contrary. West's position is simply that the mere fact of the judge's having been the district attorney at the time of his arrest and up to the time immediately prior to his indictment resulted in a denial of due process at his trial. Neither *Murchison* nor any other clearly established Supreme Court law requires recusal in such a case. For this reason, it cannot be said that all fairminded jurists would have concluded that West was denied due process by the trial judge's failure to recuse himself.[2]

---

[2] Subsequent to the Mississippi court's decision, the Supreme Court addressed a similar situation in

5

West also contends that his rights to due process were violated by the fact that the trial judge had previously acted as prosecutor in a case against West. There is no clearly-established Supreme Court law supporting West's position, and the Fifth Circuit has held to the contrary. *See Murphy v. Beto*, 416 F.2d 98, 100 (5th Cir. 1969) (fact that trial judge was district attorney for prior conviction did not present cognizable ground for habeas relief); *see also Slade v. Bingham*, 2014 WL 1050340, at * 9 (S.D. Miss. March 14, 2014) (denying habeas relief where trial judge had previously prosecuted defendant). This argument is without merit.

## IV. Conclusion

In summary, the state court's determination that West's due process rights were not violated did not constitute an unreasonable application of clearly established Supreme Court law. For this reason, the undersigned recommends that habeas relief be denied.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report

---

detail in *Williams v. Pennsylvania*, 136 S.Ct. 1899 (2016). At the time of Williams's prosecution, the prosecuting attorney requested and received permission from the district attorney to pursue the death penalty. Williams was convicted and sentenced to death. Many years later, a state post-conviction court stayed his execution based upon a *Brady* violation and granted him a new sentencing hearing. On appeal, the state supreme court vacated the relief and reinstated the death sentence. One of the justices on the court considering the appeal was the former district attorney who nearly thirty years before had approved seeking the death penalty in Williams's case. The United States Supreme Court vacated and remanded based upon the justice's participation in the appeal, holding that "under the Due Process Clause there is an impermissible risk of actual bias when a judge earlier had a significant, personal involvement as a prosecutor in a critical decision regarding the defendant's case." *Williams*, 136 S.Ct. at 1905.

While *Williams* post-dates the state court's decision, it is nevertheless instructive, in that it suggests that actual involvement by a judge in a defendant's prosecution remains a prerequisite for application of a presumption of bias.

6

and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    Respectfully submitted, this the 17th day of January, 2018.

                                /s/F. Keith Ball
                                UNITED STATES MAGISTRATE JUDGE