UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CHRISTOPHER WEST                                                                    PETITIONER

v.                                                          CIVIL ACTION NO. 3:15-CV-83-DPJ-FKB

RICK MCCARTY,
INTERIM COMMISSIONER
OF MISSISSIPPI DEPARTMENT
OF CORRECTIONS                                                                      RESPONDENT

ORDER

This habeas petition brought under 28 U.S.C. § 2254 is before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge F. Keith Ball [17]. Judge Ball recommended that the Petition for Habeas Corpus [1] be denied and that no relief be granted. Petitioner Christopher West filed an Objection [19], but the Court concludes that it should adopt the R&R.

West bases his request for habeas relief on Circuit Judge Eddie Bowen's refusal to recuse himself. Judge Bowen is the former District Attorney ("DA") for Simpson County, Mississippi, and he served in that capacity when West was arrested. But eight days before the grand jury indicted West, Bowen was appointed to the bench. West sought recusal, Judge Bowen denied the motion, and the jury convicted West for the sale of methamphetamine. West then appealed to the Mississippi Court of Appeals, alleging that Judge Bowen's prior role required recusal. The Court of Appeals disagreed because, among other things, there was no evidence that Judge Bowen was involved in West's prosecution. Upon review of the record, Judge Ball concluded that the Court of Appeals' decision "did not constitute an unreasonable application of clearly established Supreme Court law." R&R [17] at 6.

In his Objection, West states that

> Judge Bowen was the DA during the time my case was bound over to the Circuit Court while bail was set and reduce along with his same staff although he states he had no personal knowledge of the matter. In this matter Judge Bowen had and/or was in a position to have personal knowledge of disputed evidentiary facts concerning the proceedings and/or he certainly served as lawyer in the matter in controversy, and or a lawyer with whom he previously practiced law served during such association as lawyer concerning the mater.

Pet'r's Obj. [19] at 1.

As an initial matter, the Court cannot accept West's conjecture that Judge Bowen had personal knowledge of the case before he took the bench. The Mississippi Court of Appeals found that he did not. *See West v. State*, 131 So. 3d 583, 587 (Miss. Ct. App. 2013). Instead, the court held:

> Judge Bowen had no personal knowledge of, or actual involvement in, West's case prior to sitting as the judge during trial. . . . Additionally, even in his capacity as the district attorney, Judge Bowen exercised no administrative command over West's case. In fact, there is no evidence that Judge Bowen, while serving as the district attorney, had even any indirect involvement with West's case.

*Id.* These findings control because they were not "unreasonable" based on the state-court record. *See* 28 U.S.C. § 2254(d); *see also Moody v. Quarterman*, 476 F.3d 260, 267−68 (5th Cir. 2007). And contrary to his Objection, West is not entitled to an evidentiary hearing. *See* 28 U.S.C. § 2254(e).[1]

---

[1] The statute states:

> (1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

2

So the question is whether West has demonstrated an "unreasonable application of . . . clearly established Federal law." 28 U.S.C. § 2254(d). Whether a law is clearly established turns on the then existing law as "determined by the Supreme Court of the United States." *Id.*; *see Williams v. Taylor*, 529 U.S. 362, 412 (2000). Whether the application was unreasonable is an objective test. To prevail, West must show not only that the state-court ruling was incorrect but also that it was "objectively unreasonable." *Williams*, 529 U.S. at 409. In other words, West is not entitled to federal relief "so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citation and internal quotation marks omitted).

When West's appeal was decided, the United States Supreme Court's "due process precedents [did] not set forth a specific test governing recusal when . . . a judge had prior involvement in a case as a prosecutor." *Williams v. Pennsylvania*, −U.S.− 136 S. Ct. 1899, 1905 (2016). But the Court had found that due process requires recusal in cases of actual or

---

(2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--

    (A) the claim relies on--

        (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

        **(ii)** a factual predicate that could not have been previously discovered through the exercise of due diligence; *and*

    (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e) (emphasis added).

3

presumptive bias. *Richardson v. Quarterman*, 537 F.3d 466, 475 (5th Cir. 2008). There is no suggestion of actual bias here, and the scope of presumptive bias is limited:

> The Supreme Court has only found that a judge's failure to recuse constitutes presumptive bias in three situations: (1) when the judge has a direct personal, substantial, and pecuniary interest in the outcome of the case, (2) when he has been the target of personal abuse or criticism from the party before him, and (3) when he has the dual role of investigating and adjudicating disputes and complaints.

*Id.* Of these categories, the dual-role example comes the closest to West's argument. But the Supreme Court has never extended that presumption to judges who played no role in prosecuting the case.[2]

Absent Supreme Court authority, West cites three cases from Alabama's Court of Criminal Appeals to make his point: *Crawford v. State*, 686 So. 2d 199 (Ala. Crim. App. 1996); *Crumpton v. State*, 677 So. 2d 814 (Ala. Crim. App. 1995); and *Ex parte Sanders*, 659 So. 2d 1036 (Ala. Crim. App. 1995). These cases generally concluded that a judge should recuse himself if, before taking the bench, he served as district attorney during the life of the case. But as stated, these intermediate appellate cases from Alabama do not set "clearly established law." *Cardenas*, 820 F.3d at 202 (noting that not even Fifth Circuit cases set "clearly established law").

West's Alabama cases fall short for another reason—they were decided under Alabama ethical cannons rather than the Due Process Clause of the United States Constitution. "Generally, the constitutional due process requirements regarding judicial impartiality are much narrower than the requirements found in recusal statutes and ethical canons." *Richardson*, 537

---

[2] After the Mississippi Court of Appeals ruled in West's case, the United States Supreme Court decided *Williams v. Pennsylvania*, holding "that under the Due Process Clause there is an impermissible risk of actual bias when a judge earlier had significant, personal involvement as a prosecutor in a critical decision regarding the defendant's case." 136 S. Ct. at 1905. Judge Bowen held no such role in this case, so even under this new standard the decision from the Mississippi Court of Appeals was not objectively unreasonable.

4

F.3d at 474 n.4.  Accordingly, West has failed to show that the Mississippi Court of Appeals rendered an objectively unreasonable opinion when it found no due-process violation in Judge Bowen's refusal to recuse.[3]

West seems to offer one final argument, suggesting that Judge Bowen should have recused himself in this case because he prosecuted West in other unrelated criminal matters.  *See* Pet'r's Obj. [19] at 2.  Assuming West pursues that issue in his Objection, he has not shown that the Mississippi Court of Appeals erred in rejecting this same argument or that its decision was objectively unreasonable.  *See Murphy v. Beto*, 416 F.2d 98, 100 (5th Cir. 1969) (finding fact that trial judge was district attorney for prior conviction did not present cognizable ground for habeas relief); *see also Slade v. Bingham*, No. 2:11-CV-99-KS-MTP, 2014 WL 1050340, at * 9 (S.D. Miss. March 14, 2014) (denying habeas relief where trial judge had previously prosecuted defendant).

For these reasons, the Court adopts the R&R [17] as its opinion.  Petitioner Christopher West's Petition [1] is dismissed with prejudice.  A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 14th day of February, 2018.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] Even under the stricter statutory standard, the Fifth Circuit has held that 28 U.S.C. § 455 "does not *mandate* recusal unless the former government attorney has actually participated in some fashion in the proceedings." *Mangum v. Hargett*, 67 F.3d 80, 83 (5th Cir. 1995) (emphasis in original).